**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **MIDAASWI, LLC,** | ) |
| | ) |
| **Plaintiff,** | )   Case No. |
| | ) |
| v. | ) |
| | ) |
| **UNIFIED ANALYTICS LLC, and** | ) |
| **NATIONAL TECHMARK INC. a/k/a** | ) |
| **NATIONAL TECHMARK INC. NIS,** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT TO CONFIRM ARBITRATION AWARD AND GRANT FINAL JUDGMENT**

Plaintiff Midaaswi, LLC ("Plaintiff"), by and through its undersigned counsel, bring this action to confirm an arbitration award in its favor against Defendants Unified Analytics LLC and National Techmark Inc. also known as National Techmark Inc. NIS.  For its Complaint, Plaintiff states as follows:

**PARTIES**

1. Plaintiff Midaaswi, LLC is a tribally-owned limited liability company incorporated and organized under the laws and ordinances of the Lac du Flambeau Band of Lake Superior Chippewa Indians, a federally recognized sovereign Indian nation with reserved trust land within the exterior boundaries of the State of Wisconsin.

2. Defendant Unified Analytics, LLC ("Unified") is a limited liability company organized and exiting under the laws of Nevada, with its principal place of business in Gainesville, Florida.  Unified is wholly-owned and operated by Jesus Diaz, a citizen and resident of the State of Florida.

3.     Defendant National Techmark Inc., also known as National Techmark Inc. NIS ("Techmark") is a corporation incorporated and organized under the laws of the State of Neveda, with its principal place of business in Gainesville, Florida.  Techmark is owned and operated by Oscar Rodriquez, a citizen and resident of the State of Florida.

## JURISDICTION & VENUE

6.     This is a Complaint to affirm an arbitration award brought pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, and this Court has jurisdiction pursuant to 9 U.S.C. § 9.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because the amount in controversy exceeds $100,000 and there is complete diversity between the parties.

7.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Further, venue is proper pursuant to 9 U.S.C. § 9, as the parties contractually agreed to venue in this Court and the arbitration award at issue was made and issued in Madison, Wisconsin.

## FACUTAL ALLEGATIONS

8.     Plaintiff and Defendants entered into binding arbitration before the Honorable Kyle B. Haskins (Ret.), an arbitrator with and appointed by the American Arbitration Association.

9.     After hearing the evidence and witness testimony presented live at a week-long evidentiary hearing held in Madison, Wisconsin in August 2025, where all parties appeared and presented evidence, and after reviewing post-hearing briefs on all issues submitted by all parties, Arbitrator Haskins rendered a Final (Reasoned) Award on October 28, 2025.

10.    A copy of the Final (Reasoned) Award is attached hereto as **Exhibit 1** (filed under seal).

## COUNT I
### Confirmation of Arbitration Award Pursuant to the FAA

11. Plaintiff incorporates and restates the above allegations as if fully set forth herein.

12. The Final (Reasoned) Award, which Arbitrator Haskins signed on October 28, 2025, awarded Plaintiff monetary damages in the total sum of $3,362,618.13 against Unified and Techmark jointly and severally, plus post-award interest accruing at the rate of T-Bill plus 5% until the award is paid in full.

13. In addition, Plaintiff was awarded injunctive relief, whereby Techmark was permanently enjoined from taking any action against Plaintiff to enforce any contractual rights Techmark had under the various contractual agreements between the parties.

14. Pursuant to 9 U.S.C. § 9, Plaintiff is entitled to have this Court receive and accept the Final (Reasoned) Award, confirm the same, and grant Plaintiff Judgment against Defendants Unified and Techmark as follows:

   a. Judgment against Defendants Unified and Techmark, jointly and severally, in the amount of $3,362,618.13, plus post-award interest accruing at a rate of 9.75% per annum consistent with 6 Del. C. § 2301(a);

   b. Permanent Injunction against Techmark consistent with the permanent injunction provided in the Final (Reasoned) Award; and,

   c. Judgment against Defendants Unified and Techmark for all costs incurred for the confirmation and entry of Final Judgment.

WHEREFORE, Plaintiff Midaaswi, LLC moves the Court to receive, accept and confirm the Final (Reasoned) Award issued by Arbitrator Haskins on October 28, 2025, enter Judgment consistent with the Final (Reasoned) Award, and any further relief as this Court deems just and equitable.

Dated: March 11, 2026.　　　　　　　　**SPENCER FANE LLP**

　　　　　　　　　　　　　　　　　　*s/ Ariel K. Lierz*
　　　　　　　　　　　　　　　　　　Ariel K. Lierz, WI Bar # 1123908
　　　　　　　　　　　　　　　　　　100 South Fifth Street, Suite 2500
　　　　　　　　　　　　　　　　　　Minneapolis, Minnesota 55402
　　　　　　　　　　　　　　　　　　Phone: (612) 268-7000
　　　　　　　　　　　　　　　　　　Fax: (612) 268-7001
　　　　　　　　　　　　　　　　　　alierz@spencerfane.com

　　　　　　　　　　　　　　　　　　***Attorneys for Plaintiff Midaaswi, LLC***