IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MIDAASWI, LLC,

                      Plaintiff,

     v.                                      OPINION and ORDER

UNITED ANALYTICS LLC                         26-cv-201-amb
and NATIONAL TECHMARK INC.,

                      Defendants.

---

Plaintiff Midaawsi, LLC has filed a complaint seeking to confirm an arbitration award in its favor against defendants, entities incorporated and organized under Nevada law. Plaintiff has filed an affidavit of service for defendant National Techmark Inc., indicating service on May 22, 2026. Dkt. 14. Plaintiff moves for leave to effectuate service on defendant Unified Analytics LLC by alternate means, after making several unsuccessful service attempts on three different Florida addresses associated with defendant and its principal. Dkt. 16. Because plaintiff has not attempted to serve this defendant's registered agent, the motion is DENIED.

Federal Rule of Civil Procedure 4(h) governs service on a corporation, partnership, or association "in a judicial district of the United States." Under that rule, plaintiff may serve Unified Analytics by satisfying either subsection: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer … or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).

The court is not persuaded that plaintiff has exhausted either of these possibilities. Under the second subsection, plaintiff could simply deliver a copy of the summons and complaint to defendant's registered agent. Plaintiff has made attempts to serve this defendant

at several addresses in Florida, but the complaint alleges that this defendant is a Nevada LLC. Dkt. 1, ¶ 2. In that case, a search with the Nevada Secretary of State or similar state agency would likely yield information associated with defendant's registered agent, who could be served in compliance with Rule 4(h)(1)(B).

Under the first subsection, Rule 4(e)(1) deems service proper "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Wisconsin law allows plaintiff to serve an LLC by alternative means, either by certified mail or by publication and mailing, but only if an officer, director or managing agent cannot be served personally with a reasonably diligent effort. *See* Wis. Stat. § 801.11(5)(b). Reasonable diligence requires a plaintiff to "exhaust . . . any leads or information reasonably calculated to make personal service possible." *Cunningham v. Montes*, No. 16-cv-761-jdp, 2018 WL 2390118, at *2 (W.D. Wis. May 25, 2018); *see also West v. West*, 82 Wis. 2d 158, 164, 262 N.W.2d 87, 89 (1978). As already explained, the record does not show that plaintiff has attempted service of defendant's agent or what the outcome was.

For these reasons, the court DENIES plaintiff's motion without prejudice to its renewal if necessary after plaintiff has exhausted its full range of options.

*So ordered*.

Entered July 6, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

2